1
2
3
4                    **UNITED STATES DISTRICT COURT**
5                         **DISTRICT OF NEVADA**
6
7  JOYCE HICKS,                        )
                                       )
8         Petitioner,                  )    2:11-cv-01484-PMP-GWF
                                       )
9  vs.                                 )    **ORDER**
                                       )
10 SHERYL FOSTER, *et al.*,            )
                                       )
11        Respondents.                 )
                                      /
12

Joyce Hicks, a Nevada prisoner, has submitted a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254 (docket #1-1).

Petitioner's second application to proceed *in forma pauperis* (docket #9) is granted. The habeas petition shall be filed and docketed, and it shall be served upon the respondents.

A petition for federal habeas corpus should include all claims for relief of which petitioner is aware. If petitioner fails to include such a claim in his petition, she may be forever barred from seeking federal habeas relief upon that claim. *See* 28 U.S.C. §2254(b) (successive petitions). If petitioner is aware of any claim not included in her petition, he should notify the court of that as soon as possible, perhaps by means of a motion to amend her petition to add the claim.

Petitioner has also submitted a motion for the appointment of counsel (docket #4). There is no constitutional right to appointed counsel for a federal habeas corpus proceeding. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Bonin v. Vasquez*, 999 F.2d 425, 428 (9th Cir.1993). The decision to appoint counsel is generally discretionary. *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir.1986), cert. denied, 481 U.S. 1023 (1987); *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir.), cert. denied, 469 U.S. 838

1 (1984). However, counsel must be appointed if the complexities of the case are such that denial of
2 counsel would amount to a denial of due process, and where the petitioner is a person of such limited
3 education as to be incapable of fairly presenting her claims. *See Chaney*, 801 F.2d at 1196; *see also*
4 *Hawkins v. Bennett*, 423 F.2d 948 (8th Cir.1970). The petition in this action appears sufficiently clear
5 in presenting the issues that petitioner wishes to raise. Counsel is not justified at this time. The motion
6 is denied without prejudice.

7 Petitioner has also filed several other motions. These appear to be motions that either were or
8 could have been filed in connection with her direct appeal or state habeas petition. Petitioner's motion
9 to proceed with appeal on original records (docket #2) and motion for bail or release pending appeal
10 (docket #3) are denied as irrelevant. Petitioner's motion for an evidentiary hearing( docket #5) is denied
11 as premature.

12 **IT IS THEREFORE ORDERED** that the Clerk shall **FILE** and **ELECTRONICALLY**
13 **SERVE** the petition (docket #1-1) on the respondents.

14 **IT IS FURTHER ORDERED** that respondents shall have **forty-five (45)** days from entry of
15 this order within which to answer, or otherwise respond to, the petition. In their answer or other
16 response, respondents shall address any claims presented by petitioner in his petition as well as any
17 claims presented by petitioner in any Statement of Additional Claims. Respondents shall raise all
18 potential affirmative defenses in the initial responsive pleading, including lack of exhaustion and
19 procedural default. **Successive motions to dismiss will not be entertained**. If an answer is filed,
20 respondents shall comply with the requirements of Rule 5 of the Rules Governing Proceedings in the
21 United States District Courts under 28 U.S.C. §2254. If an answer is filed, petitioner shall have **forty-**
22 **five (45) days** from the date of service of the answer to file a reply.

23 **IT IS FURTHER ORDERED** that, henceforth, petitioner shall serve upon the Attorney General
24 of the State of Nevada a copy of every pleading, motion, or other document she submits for
25 consideration by the court. Petitioner shall include with the original paper submitted for filing a
26

1  certificate stating the date that a true and correct copy of the document was mailed to the Attorney
2  General. The court may disregard any paper that does not include a certificate of service. After
3  respondents appear in this action, petitioner shall make such service upon the particular Deputy Attorney
4  General assigned to the case.

5  **IT IS FURTHER ORDERED** that the following motions filed by petitioner: motion to proceed
6  with appeal on original records (docket #2); motion for bail or release pending appeal (docket #3);
7  motion for appointment of counsel (docket #4); and motion for an evidentiary hearing (docket #5) are
8  all **DENIED**.

10  DATED: October 20, 2011.

_____
PHILIP M. PRO
United States District Judge