# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | | |
|---|---|---|
| JOYCE HICKS, | ) | |
| | ) | |
| Petitioner, | ) | 2:11-cv-01484-PMP-GWF |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| SHERYL FOSTER, *et al.*, | ) | |
| | ) | |
| | ) | |
| Respondents. | ) | |
| | / | |

Before the court is petitioner's motion for reconsideration of the court's order denying her first motion for appointment of counsel (ECF #14), as well as a second motion for the appointment of counsel (ECF #13).

Where a ruling has resulted in final judgment or order, a motion for reconsideration may be construed either as a motion to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59(e), or as a motion for relief from judgment pursuant to Federal Rule 60(b). *School Dist. No. 1J Multnomah County v. AC&S, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993), *cert. denied* 512 U.S. 1236 (1994).

Under Fed. R. Civ. P. 60(b) the court may relieve a party from a final judgment or order for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or

> discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Motions to reconsider are generally left to the discretion of the trial court. *See Combs v. Nick Garin Trucking,* 825 F.2d 437, 441 (D.C. Cir. 1987). In order to succeed on a motion to reconsider, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. *See Kern-Tulare Water Dist. v. City of Bakersfield,* 634 F. Supp. 656, 665 (E.D. Cal. 1986), *aff'd in part and rev'd in part on other grounds* 828 F.2d 514 (9th Cir. 1987). Rule 59(e) of the Federal Rules of Civil Procedure provides that any "motion to alter or amend a judgment shall be filed no later than 28 days after entry of the judgment." Furthermore, a motion under Fed. R. Civ. P. 59(e) "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Herbst v. Cook,* 260 F.3d 1039, 1044 (9th Cir. 2001), *quoting McDowell v. Calderon,* 197 F.3d 1253, 1255 (9th Cir. 1999).

There is no constitutional right to appointed counsel for a federal habeas corpus proceeding. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Bonin v. Vasquez*, 999 F.2d 425, 428 (9th Cir.1993). The decision to appoint counsel is generally discretionary. *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir.1986), cert. denied, 481 U.S. 1023 (1987); *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir.), cert. denied, 469 U.S. 838 (1984). However, counsel must be appointed if the complexities of the case are such that denial of counsel would amount to a denial of due process, and where the petitioner is a person of such limited education as to be incapable of fairly presenting his claims. *See Chaney*, 801 F.2d at 1196; *see also Hawkins v. Bennett*, 423 F.2d 948 (8th Cir.1970).

In the order of October 20, 2011, the court denied petitioner's motion for appointment of counsel because the petition appears sufficiently clear in presenting the issues petitioner wishes to raise (ECF #10). While petitioner indicates that she has had the assistance of another inmate in filing her petition, she does not allege that no longer has access to such assistance. Petitioner has failed to

1  make an adequate showing under either Rule 60(b) or 59(e) that this court's order denying her motion
2  should be reversed. Petitioner has not raised any new issues in her second motion for appointment of
3  counsel, and counsel is not justified in this action at this time. According, petitioner's second motion
4  for appointment of counsel is denied without prejudice.

5  **IT IS THEREFORE ORDERED** that petitioner's motion for district judge to reconsider
6  order (ECF #14) is **DENIED**.

7  **IT IS FURTHER ORDERED** that petitioner's motion for appointment of counsel (ECF
8  #13) is **DENIED** without prejudice.

10  DATED: November 22, 2011.

_____
PHILIP M. PRO
United States District Judge

3