1

2

3

4

5

6

7

8

9

10

11

12

13

14

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

JOYCE HICKS,                               )
                                           )
          Petitioner,                      )        2:11-cv-01484-PMP-GWF
                                           )
vs.                                        )        **ORDER**
                                           )
SHERYL FOSTER, *et al.*,                   )
                                           )
                                           )
          Respondents.                     )
_____/

15      Before the court is petitioner's motion for reconsideration of the court's order denying

16  her second motion for the appointment of counsel (ECF #19).

17      Where a ruling has resulted in final judgment or order, a motion for reconsideration may

18  be construed either as a motion to alter or amend judgment pursuant to Federal Rule of Civil Procedure

19  59(e), or as a motion for relief from judgment pursuant to Federal Rule 60(b).  *School Dist. No. 1J*

20  *Multnomah County v. AC&S, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993), *cert. denied* 512 U.S. 1236 (1994).

21      Under Fed. R. Civ. P. 60(b) the court may relieve a party from a final judgment or order

22  for the following reasons:

23          (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly
            discovered evidence which by due diligence could not have been
24          discovered in time to move for a new trial under Rule 59(b); (3) fraud
            (whether heretofore denominated intrinsic or extrinsic),
25          misrepresentation, or other misconduct of an adverse party; (4) the
            judgment is void; (5) the judgment has been satisfied, released, or
26          discharged, or a prior judgment upon which it is based has been reversed
            or otherwise vacated, or it is no longer equitable that the judgment should

have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Motions to reconsider are generally left to the discretion of the trial court. *See Combs v. Nick Garin Trucking,* 825 F.2d 437, 441 (D.C. Cir. 1987). In order to succeed on a motion to reconsider, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. *See Kern-Tulare Water Dist. v. City of Bakersfield,* 634 F. Supp. 656, 665 (E.D. Cal. 1986), *aff'd in part and rev'd in part on other grounds* 828 F.2d 514 (9th Cir. 1987). Rule 59(e) of the Federal Rules of Civil Procedure provides that any "motion to alter or amend a judgment shall be filed no later than 28 days after entry of the judgment." Furthermore, a motion under Fed. R. Civ. P. 59(e) "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Herbst v. Cook,* 260 F.3d 1039, 1044 (9th Cir. 2001), *quoting McDowell v. Calderon,* 197 F.3d 1253, 1255 (9th Cir. 1999).

There is no constitutional right to appointed counsel for a federal habeas corpus proceeding. *Pennsylvania v. Finley,* 481 U.S. 551, 555 (1987); *Bonin v. Vasquez,* 999 F.2d 425, 428 (9th Cir.1993). The decision to appoint counsel is generally discretionary. *Chaney v. Lewis,* 801 F.2d 1191, 1196 (9th Cir.1986), cert. denied, 481 U.S. 1023 (1987); *Bashor v. Risley,* 730 F.2d 1228, 1234 (9th Cir.), cert. denied, 469 U.S. 838 (1984). However, counsel must be appointed if the complexities of the case are such that denial of counsel would amount to a denial of due process, and where the petitioner is a person of such limited education as to be incapable of fairly presenting his claims. *See Chaney,* 801 F.2d at 1196; *see also Hawkins v. Bennett,* 423 F.2d 948 (8th Cir.1970).

In the order of November October 20, 2011, the court denied petitioner's second motion for appointment of counsel because petitioner did not raise any new bases upon which to grant such a motion (ECF #15). In her current motion, while petitioner indicates that she will not have the future assistance of the inmate who assisted her in filing her petition, she does not allege that she no longer has access to any assistance. Moreover, as stated in previous orders, the petition appears sufficiently clear

2

in presenting the issues petitioner wishes to raise.  Petitioner has failed to make an adequate showing under either Rule 60(b) or 59(e) that this court's order denying her motion should be reversed.  Counsel is not justified in this action.  Accordingly, petitioner's motion for reconsideration of the denial of her second motion for appointment of counsel is denied.

**IT IS THEREFORE ORDERED** that petitioner's motion for district judge to reconsider order (ECF #19) is **DENIED**.


Dated this 1st day of February, 2012.

_____
UNITED STATES DISTRICT JUDGE

3