UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JOYCE HICKS, | |
|     Petitioner, | 2:11-cv-01484-PMP-GWF |
| vs. | **ORDER** |
| SHERYL FOSTER, *et al.*, | |
|     Respondents. | |

This is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in which petitioner, a state prisoner, is proceeding *pro se*. Before the court is respondents' answer to the petition (ECF #21) as well as petitioner's reply (ECF #24).

**I. Procedural History and Background**

On July 16, 2008, petitioner was charged by criminal complaint with the crime of Larceny from the Person, a felony violation of Nevada Revised Statutes § 205.270 (exhibits to answer, ECF #21, ex. 1).[1]  On October 14, 2008, petitioner waived her right to a preliminary hearing pursuant to negotiations with the State wherein she agreed to plead guilty to one count of Larceny from the Person

---

[1] All exhibits referenced in this order are exhibits to respondents' answer to the petition, ECF #21 and are found at ECF #22.

and, although the State would retain the right to argue at sentencing, the State agreed not to seek habitual criminal treatment and agreed to dismiss three other felony cases: 08F18693; 08F14074; and 08F19219 (ex. 3 at 4).

On October 29, 2008, petitioner was arraigned in state district court on the single count of Larceny from the Person. The court canvassed petitioner upon her entry of her guilty plea and accepted her plea (ex.'s 4, 5). The guilty plea provided the following: "I understand that if I fail to appear for the scheduled sentencing date or I commit a new criminal offense prior to sentencing the State of Nevada would regain the full right to argue for any lawful sentence" (ex. 5 at 3-4).

When petitioner failed to appear at sentencing on December 9, 2008, a bench warrant issued (ex. #s 6, 7). On January 28, 2009, the State filed a notice of habitual criminality pursuant to Nev. Rev. Stat. §§ 207.010 and 207.016, itemizing eight prior felony convictions (ex. 8). Petitioner was arrested on the bench warrant on April 29, 2009 (ex. 9).

On June 23, 2009, the court determined that petitioner was a habitual criminal pursuant to state statutes and sentenced her to a term of life with minimum parole eligibility after ten years (ex. 12). Judgment of conviction was entered on June 26, 2009 (ex. 13).

On July 9, 2009, petitioner filed a notice of appeal in state district court (ex. 14). Petitioner asserted on direct appeal that the sentencing court erred by considering, and imposing, a life sentence pursuant to Nev. Rev. Stat. § 207.010 (ex. 15). Petitioner filed a notice of withdrawal of appeal on April 6, 2010 (ex. 16). The Nevada Supreme Court issued its order dismissing the appeal on May 7, 2010 (ex. 20). On July 20, 2010, the Nevada Supreme Court issued an order stating that petitioner had filed a proper person document asking the court to withdraw the order dismissing the appeal and denying that request as untimely (ex. 23).

On April 28, 2010, petitioner returned to state district court and informed the court that she had withdrawn her appeal to the Nevada Supreme Court in order to accept the State's offer to renegotiate her case (ex. 17). Petitioner then entered into a second guilty plea agreement wherein the

parties jointly agreed to recommend that petitioner would serve a sentence of five to twenty years as a habitual criminal (ex. 18). The court followed the parties' recommendation and sentenced petitioner as a habitual criminal to a maximum of 240 months with a minimum parole eligibility of 60 months (ex. 21). The amended judgment of conviction was entered on May 14, 2010 (ex. 22).

On July 22, 2010, petitioner filed a pro per post-conviction petition for a writ of habeas corpus alleged: ineffective assistance of counsel; *Miranda* violations; insufficiency of the evidence; and cumulative error (ex. 25). The state district court held a hearing on the petition on September 29, 2010, and advised that the postconviction petition lacked merit on its face, noting specifically that the assistance of counsel claims lacked merit (ex. 33). The court's decision and order was not filed until January 27, 2011 (ex. 39). Petitioner filed a notice of appeal on October 13, 2010 (ex. 35). The Nevada Supreme Court affirmed the denial of the postconviction petition on July 13, 2011 (ex. 41), and remittitur issued on August 16, 2011 (ex. 42).

Meanwhile, petitioner filed a second state postconviction petition on September 7, 2010 (ex. 31).[2] The state district court denied the petition as successive and procedurally barred (ex. 36), and the Nevada Supreme Court affirmed this denial in its order dated July 13, 2011, stating that petitioner offered no explanation as to why her claim could not have been litigated in the first postconviction proceedings (ex. 41).

Petitioner dispatched her federal habeas petition to this court on September 6, 2011 (ECF #11). Petitioner raises three grounds. Respondents have answered and argue that the petition should be denied because ground I lacks merit, ground II is procedurally defaulted, and ground III fails to state a claim for relief in habeas corpus (ECF #21).

---

[2] This second petition appears to challenge one of the prior felony convictions as invalid. As discussed below with respect to her federal habeas petition, Nevada's habitual criminal statute requires two prior felony convictions; the State presented eight prior felony convictions. Therefore, even assuming, *arguendo*, that petitioner was correct in her successive and procedurally barred second state habeas petition, the State still presented more than the requisite prior felony convictions for a habitual criminal determination.

## II. Legal Standards

### A. Antiterrorism and Effective Death Penalty Act

28 U.S.C. § 2254(d), a provision of the Antiterrorism and Effective Death Penalty Act (AEDPA), provides the legal standards for this court's consideration of the petition in this case:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim --
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

These standards of review "reflect the ... general requirement that federal courts not disturb state court determinations unless the state court has failed to follow the law as explicated by the Supreme Court." *Davis v. Kramer*, 167 F.3d 494, 500 (9th Cir. 1999). Therefore, this court's ability to grant a writ is limited to cases where "there is no possibility fair-minded jurists could disagree that the state court's decision conflicts with [Supreme Court] precedents." *Harrington v. Richter*, 562 U.S. ___, ___, 131 S.Ct. 770, 786 (2011).

A state court decision is contrary to clearly established Supreme Court precedent, within the meaning of 28 U.S.C. § 2254, "if the state court applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases" or "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result different from [the Supreme Court's] precedent." *Lockyer v. Andrade*, 538 U.S. 63 (2003) (quoting *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000), and citing *Bell v. Cone*, 535 U.S. 685, 694 (2002).

A state court decision is an unreasonable application of clearly established Supreme Court precedent, within the meaning of 28 U.S.C. § 2254(d), "if the state court identifies the correct governing

4

legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." *Andrade*, 538 U.S. at 74 (quoting *Williams*, 529 U.S. at 413). The "unreasonable application" clause requires the state court decision to be more than incorrect or erroneous; the state court's application of clearly established law must be objectively unreasonable. *Id.* (quoting *Williams*, 529 U.S. at 409).

In determining whether a state court decision is contrary to federal law, this court looks to the state courts' last reasoned decision. *See Ylst v. Nunnemaker*, 501 U.S. 797, 803-04 (1991); *Shackleford v. Hubbard*, 234 F.3d 1072, 1079 n.2 (9th Cir. 2000). Further, "a determination of a factual issue made by a State court shall be presumed to be correct," and the petitioner "shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

### B. Ineffective Assistance of Counsel

Ineffective assistance of counsel claims are governed by the two-part test announced in *Strickland v. Washington,* 466 U.S. 668 (1984). In *Strickland*, the Supreme Court held that a petitioner claiming ineffective assistance of counsel has the burden of demonstrating that (1) the attorney made errors so serious that he or she was not functioning as the "counsel" guaranteed by the Sixth Amendment, and (2) that the deficient performance prejudiced the defense. *Williams v. Taylor,* 529 U.S. 362, 390-91 (2000) (citing *Strickland,* 466 U.S. at 687). To establish ineffectiveness, the defendant must show that counsel's representation fell below an objective standard of reasonableness. *Id.* To establish prejudice, the defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* A reasonable probability is "probability sufficient to undermine confidence in the outcome." *Id.* Additionally, any review of the attorney's performance must be "highly deferential" and must adopt counsel's perspective at the time of the challenged conduct, in order to avoid the distorting effects of hindsight. *Strickland,* 466 U.S. at 689. It is the petitioner's burden to overcome the presumption that counsel's actions might be considered sound trial strategy. *Id.*

Ineffective assistance of counsel under *Strickland* requires a showing of deficient performance of counsel resulting in prejudice, "with performance being measured against an objective standard of reasonableness,. . . under prevailing professional norms." *Rompilla v. Beard,* 545 U.S. 374, 380 (2005) (internal quotations and citations omitted). If the state court has already rejected an ineffective assistance claim, a federal habeas court may only grant relief if that decision was contrary to, or an unreasonable application of, the *Strickland* standard. *See Yarborough v. Gentry,* 540 U.S. 1, 5 (2003). There is a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Id.*

The United States Supreme Court recently described federal review of a state supreme court's decision on a claim of ineffective assistance of counsel as "doubly deferential." *Cullen v. Pinholster*, 131 S.Ct. 1388, 1403 (2011) (quoting *Knowles v. Mirzayance*, 129 S.Ct. 1411, 1413 (2009)). The Supreme Court emphasized that: "We take a 'highly deferential' look at counsel's performance. . . . through the 'deferential lens of § 2254(d).'" *Id.* at 1403 (internal citations omitted). Moreover, federal habeas review of an ineffective assistance of counsel claim is limited to the record before the state court that adjudicated the claim on the merits. *Cullen*, 131 S.Ct. at 1398-1401.

**C. Procedural Bar**

"Procedural default" refers to the situation where a petitioner in fact presented a claim to the state courts but the state courts disposed of the claim on procedural grounds, instead of on the merits. A federal court will not review a claim for habeas corpus relief if the decision of the state court regarding that claim rested on a state law ground that is independent of the federal question and adequate to support the judgment. *Coleman v. Thompson*, 501 U.S. 722, 730-31 (1991).

The *Coleman* Court stated the effect of a procedural default, as follows:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman*, 501 U.S. at 750; *see also Murray v. Carrier*, 477 U.S. 478, 485 (1986). The procedural default doctrine ensures that the state's interest in correcting its own mistakes is respected in all federal habeas cases. *See Koerner v. Grigas,* 328 F.3d 1039, 1046 (9th Cir. 2003).

To demonstrate cause for a procedural default, the petitioner must be able to "show that some *objective factor external to the defense* impeded" her efforts to comply with the state procedural rule. *Murray*, 477 U.S. at 488 (emphasis added). For cause to exist, the external impediment must have prevented the petitioner from raising the claim. *See McCleskey v. Zant*, 499 U.S. 467, 497 (1991). Ineffective assistance of counsel may satisfy the cause requirement to overcome a procedural default. *Murray*, 477 U.S. at 488. However, for ineffective assistance of counsel to satisfy the cause requirement, the independent claim of ineffective assistance of counsel, itself, must first be presented to the state courts. *Murray*, 477 U.S. at 488-89. In addition, the independent ineffective assistance of counsel claim cannot serve as cause if that claim is procedurally defaulted. *Edwards v. Carpenter*, 529 U.S. 446, 453 (2000). With respect to the prejudice prong of cause and prejudice, the petitioner bears:

> the burden of showing not merely that the errors [complained of] constituted a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire [proceeding] with errors of constitutional dimension.

*White v. Lewis*, 874 F.2d 599, 603 (9th Cir. 1989), *citing United States v. Frady*, 456 U.S. 152, 170 (1982). If the petitioner fails to show cause, the court need not consider whether the petitioner suffered actual prejudice. *Engle v. Isaac*, 456 U.S. 107, 134 n.43 (1982); *Roberts v. Arave*, 847 F.2d 528, 530 n.3 (9th Cir. 1988).

**III. Instant Petition**

    **A. Ground I**

In ground I petitioner outlines nine ways that her trial counsel allegedly rendered ineffective assistance (ECF #11 at 3 and Memorandum of Points and Authorities in Support of Writ of Habeas Corpus Postconviction 28 U.S.C. § 2244 Motion to Vacate or Modify Sentence due to Ineffective Counsel). Respondents address this claim on the merits (ECF #21 at 7-11).

First, petitioner alleges that her counsel was ineffective "during sentencing." She alleges the following: counsel failed to challenge the prior convictions used to determine that she was a habitual criminal pursuant to Nev. Rev. Stat. § 207.010, which were remote in time ranging from 15-26 years old. Petitioner also claims that her counsel failed to explain to the state district court that she failed to appear for sentencing due to her hospitalization (ECF #11).

Respondents correctly point out that petitioner's claims are belied by the record (ECF #21 at 8). At the May 7, 2010 sentencing, the State submitted eight prior felony convictions, showing continuous criminal convictions from 1982-2005 (including four criminal convictions in 2004 and 2005), in support of a determination that petitioner is a habitual criminal (ex. 21 at 2-3). Further the record is void of any documentation of a remotely contemporaneous hospital stay and certainly does not reflect a hospital stay from December 9, 2008 until April 29, 2009 when she was a fugitive in this case. The court concludes that petitioner has failed to demonstrate that the Nevada Supreme Court unreasonably affirmed the district court's finding that petitioner's counsel did not render ineffective assistance "during sentencing."

Next, petitioner's second, fourth, seventh and eighth claims within ground 1 are interrelated. Second, petitioner alleges, without discernible elaboration, that her counsel was ineffective "during negotiations." Fourth, petitioner alleges that her counsel was ineffective by failing "to seek an agreed upon disposition in interest of client." Petitioner's seventh contention is that counsel was ineffective when he "failed to provide effective explanations to client." Petitioner's eighth contention is that her counsel was ineffective because he "coerced client into plea of guilty" (ECF #11).

Respondents again argue that these claims are belied by the record (ECF #21 at 8-10). They respond with the following: petitioner was an eight-time prior felon with three felony counts pending when her counsel negotiated a plea agreement whereby her exposure to prison time was limited to 1-5 years. Subsequent to petitioner's failure to appear at sentencing, the court imposed a life sentence with the possibility of parole after ten years. Her counsel was then able to renegotiate petitioner's

1  sentence down to a 5-20 year term. Petitioner affirmatively acknowledged her agreement with the terms
2  of each guilty plea both times she was canvassed by the court. The second guilty plea agreement
3  informed petitioner of the habitual criminal element of the agreement and the potential penalties, and
4  petitioner was personally canvassed about the habitual criminal provisions during the April 28, 2010 (the
5  second guilty plea agreement) plea canvass (ex. 17 at 5-6).
6        The court agrees with respondents' arguments and concludes that the record demonstrates
7  that petitioner has failed to show that the Nevada Supreme Court unreasonably affirmed the district
8  court's findings that petitioner's counsel did not render ineffective assistance during plea negotiations,
9  by failing to seek an agreed-upon disposition in the interest of his client, failing to provide effective
10 explanations to his client or by coercing his client into pleading guilty.
11       Turning to petitioner's third contention within ground 1, she alleges that her counsel was
12 ineffective by failing to seek a competency hearing due to her history of "brain aneurysms" (ECF #11).
13 Respondents argue that the most recent of the medical records that petitioner includes pre-date this case
14 by more than two years (ECF #21 at 8-9). The court further notes that the medical records included do
15 not provide any support for petitioner's contention that she was not competent (*see* ECF #11 at 62-64;
16 ex. 24 at 7-14). Respondents also argue that, in writing and in open court, petitioner represented that
17 she discussed all elements of the charges against her with her attorney, understood the plea agreement,
18 and entered into the agreement because it was in her best interest. Finally, respondents assert that
19 petitioner fails to allege a competency hearing would have determined that she would have been
20 incompetent to proceed or how the competency hearing would have affected the final outcome of her
21 case (ECF #11 at 8-9). The court agrees with respondents' arguments and concludes that petitioner has
22 failed to demonstrate that the Nevada Supreme Court unreasonably affirmed the district court's finding
23 that petitioner's counsel did not render ineffective assistance by failing to seek a competency hearing.
24       Petitioner's fifth contention is that her counsel was ineffective because he failed to "have
25 removed all negative and inadequate errors from presentencing report." Petitioner claims that there was
26

one prior robbery conviction included that she did not commit and for which she was never arrested (ECF #11). Respondents argue that, assuming petitioner's claim is true, seven other valid felony convictions that supported a finding of habitual criminality were presented, and only three prior convictions are required (ECF #21; ex. 21 at 2-3) (the court notes that actually only two prior felony convictions are required for small habitual criminal status). Moreover, they argue that–as the Nevada Supreme Court observed–petitioner provides no specific information as to which prior conviction she claims is invalid. Respondents are correct; the Nevada habitual criminal statute provides that a person convicted of three felonies is a habitual criminal and shall be punished by a term of 5 to 20 years. Nev. Rev. Stat. § 207.010(1)(a). Accordingly, any alleged deficient performance by counsel cannot have prejudiced the defense. *Williams v. Taylor,* 529 U.S. 362, 390-91 (2000) (citing *Strickland,* 466 U.S. at 687). The court concludes that petitioner has failed to show that the Nevada Supreme Court unreasonably affirmed the district court's finding that petitioner's counsel did not render ineffective assistance by failing to correct this alleged error with respect to an eighth felony conviction in the presentencing report.

Sixth, petitioner claims that counsel "failed to provide adequate defense team" (ECF #11). Respondents contend that petitioner makes only a vague reference to an expert witness who may have assisted counsel in evaluating her competence to enter a guilty plea and asserts generally that counsel failed to investigate the case and develop a "defense theory." Respondents argue that it was not objectively unreasonable for the Nevada Supreme Court to deny this claim as lacking sufficient facts (ECF #21 at 9-10). The court concludes that petitioner has failed to allege any specific facts to support her contention that the Nevada Supreme Court unreasonably affirmed the district court's finding that insufficient factual allegations supported petitioner's contention that counsel rendered ineffective assistance by failing to provide an adequate defense team.

Ninth and finally in ground 1, petitioner alleges that her counsel rendered ineffective assistance because he was "conflicted counsel" (ECF #11). Respondents contend that petitioner alleges

no specific facts whatsoever to support this claim and that no reasonable reading of the state court record supports this claim (ECF #21 at 10). The court agrees that petitioner sets forth no specific allegations regarding her last contention. Moreover, the discussion above regarding counsel's guilty plea negotiations–both before and after petitioner failed to appear for sentencing–in light of her extensive criminal record belies any claim that her counsel was ineffective due to any unspecified conflict or that his alleged deficient performance prejudiced the defense.

The court concludes that in ground 1 petitioner has utterly failed to demonstrate that her counsel's performance fell below an objective standard of reasonableness or how his deficient performance prejudiced the defense such that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. *Strickland*, 466 U.S. at 694. Accordingly, petitioner has failed to show that the Nevada Supreme Court was objectively unreasonable in affirming the district court's denial of her ineffective assistance of counsel claim. Ground 1 is denied in its entirety.

**B. Ground II**

In ground II petitioner claims the following: (1) the state district court erred in sentencing her as a habitual criminal because she had not received notice of habitual criminal adjudication, the priors were stale and nonviolent, an adequate number of priors had not been presented, the district court failed to make a just and proper determination, and the determination was not made by a jury; (2) there was insufficient evidence to support a felony conviction; (3) she was not read her rights pursuant to *Miranda v. Arizona*; (4) the State violated her plea agreement by addressing her criminal history at the first sentencing hearing; and (5) her sentence was allegedly illegal (ECF #11).

Respondents argue that ground II is procedurally barred (ECF #21 at 11-13). In this case, petitioner pleaded guilty to larceny from the person. Under Nevada law, the only claims that may be brought in a petition for writ of habeas corpus challenging a judgment of conviction based on a guilty plea are those claims that allege the plea was involuntary or unknowingly entered, or that the plea was

entered without effective assistance of counsel. Any other claims are subject to dismissal. Nev. Rev. Stat. § 34.810(1)(a); *Kirksey v. State*, 112 Nev. 980, 923 P.2d 1102 (1996). The Nevada Supreme Court explicitly relied on this procedural bar when it declined to review the claims of the state habeas petition that correspond to ground II of the federal habeas petition (ex. 41 at 4). The Ninth Circuit Court of Appeals has held that, at least in non-capital cases, application of the procedural bar at issue in this case – Nev. Rev. Stat. § 34.810 – is an independent and adequate state ground. *Vang v. Nevada*, 329 F.3d 1069, 1073-75 (9th Cir. 2003); *see also Bargas v. Burns*, 179 F.3d 1207, 1210-12 (9th Cir. 1999).

Therefore, this court finds that the Nevada Supreme Court's holding that ground II was procedurally barred under Nev. Rev. Stat. § 34.810(1)(a) was an independent and adequate ground for the court's affirmance of the dismissal of the claim in the state-court petition. In her reply to respondents' answer, petitioner presents no argument to demonstrate cause for the default and actual prejudice or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice (*see generally* ECF #24). Accordingly, the court agrees with respondents' that ground II must be dismissed as procedurally barred.

### C. Ground III

In ground III petitioner claims that the Nevada Supreme Court failed to provide an "adequate" appellate review of her claims (ECF #11). Respondents argue that ground III fails to state a claim for relief in habeas corpus (ECF #21 at 13-14). Respondents are correct that 28 U.S.C. § 2254(a) provides that "a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a Sate court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." The gravamen of ground III is petitioner's disagreement with the application of the state procedural default rules to claims in her state postconviction petition. This type of complaint does not sound in habeas corpus, and accordingly, ground III is dismissed for failure to state a claim for relief. Fed. R. Civ. P. 12(b)(6).

Petitioner has failed to demonstrate ineffective assistance of counsel with respect to ground I, ground II is procedurally barred and ground III fails to state a claim for relief in habeas corpus. Accordingly, the petition is denied in its entirety.

**IV. Certificate of Appealability**

In order to proceed with an appeal, petitioner must receive a certificate of appealability. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22; 9th Cir. R. 22-1; *Allen v. Ornoski,* 435 F.3d 946, 950-51 (9th Cir. 2006); s*ee also United States v. Mikels*, 236 F.3d 550, 551-52 (9th Cir. 2001). Generally, a petitioner must make "a substantial showing of the denial of a constitutional right" to warrant a certificate of appealability. *Id.;* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). "The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* (*quoting Slack*, 529 U.S. at 484). In order to meet this threshold inquiry, the petitioner has the burden of demonstrating that the issues are debatable among jurists of reason; that a court could resolve the issues differently; or that the questions are adequate to deserve encouragement to proceed further. *Id.* This court has considered the issues raised by petitioner, with respect to whether they satisfy the standard for issuance of a certificate of appealability, and determines that none meet that standard. The court will therefore deny petitioner a certificate of appealability.

**V. Conclusion**

**IT IS THEREFORE ORDERED** that the petition for a writ of habeas corpus (ECF #11) is **DENIED IN ITS ENTIRETY**.

**IT IS FURTHER ORDERED** that the clerk **SHALL ENTER JUDGMENT** accordingly and close this case.

1 **IT IS FURTHER ORDERED** that petitioner is **DENIED A CERTIFICATE OF**
2 **APPEALABILITY.**

4 Dated this __8th__ day of May, 2012.

  _____
  UNITED STATES DISTRICT JUDGE